IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

SAMMIE L. SMITH, JR.,

                     Plaintiff,                          OPINION AND ORDER

    v.

                                                    24-cv-525-wmc

STEVEN M LATURI, JENNIFER K NASH,
JEFFREY L NGUYEN, JESSICA M MAYFIELD,
MYA PIEPENHAGEN, MATTHEW G GOLEMGESKI,
CALEB V. HILL, ZAIN TARIG,
and JONATHON J KOBZA,

                     Defendants.

Plaintiff Sammie Smith, Jr., a state inmate currently housed at Columbia Correctional Institution ("CCI") is representing himself in this action against various CCI corrections officers for allegedly beating him.  Because Smith is incarcerated and has not prepaid the filing fee, the court must screen the complaint under 28 U.S.C. §§ 1915(e)(2), 1915A, and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from an immune defendant.  The court accepts Smith's allegations as true and construes them generously, holding the complaint to a less stringent standard than one a lawyer drafts.  *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011).  Because Smith's complaint includes two, separate actions arising out of different incidents involving different defendants, his complaint does not comply with Fed. R. Civ. P. 20.  However, as explained below, Smith will be given an opportunity to choose one of these actions on which he wishes to proceed in this lawsuit.  Next, the court will deny Smith's motions for a preliminary injunction (dkt. #9) and emergency screening of his complaint and a temporary restraining order.  (Dkt. #10.)

ANALYSIS

## I.  Screening of Smith's Complaint

Smith asserts claims arising from two seemingly distinct events.  *First*, Smith alleges that, on May 1, 2024, he "pulled away" from Officer Jessica Mayfield when she apparently told him he could not participate in his late video visit, so she smashed Smith into the visiting booth wall, while calling for backup, and Officers Mya Piepenhagen, Jeffrey Nguyen, and Steven Laturi responded.  Smith alleges that he noticed an "attack fast approaching," so he began to "scurry down the wall" as fast as possible because he feared being beaten while handcuffed, and he put himself in the fetal position.  Even so, Nguyen then elbowed Smith in the back, kneed him in the ribs, and knelt on his back.  At that point, Smith was lying face down on the ground, and Laturi tased him, telling Smith that he would continue tasing him until he felt his body stop moving, and Smith yelled that he was not moving, but Laturi continued to tase him.  Smith alleges that he was shackled with a belt and restraints during the tasing.  Mayfield and Piepenhagen allegedly failed to intervene during these events.

*Second*, Smith alleges that, on June 14, 2024, he was in the dayroom complaining that his video visit had been canceled when he attempted to pull away from Officer Matthew Golemgeski, so Golemgeski tackled Smith to the ground while calling for backup.  Zain Tarig responded and helped Golemgeski gain "100% complete control" over the incident.  Tarig was attempting to remove Smith's glasses when another officer, Caleb Hill, slammed Smith's head into the ground and proceeded to pin his head to the ground for five minutes, making it difficult for Smith to breathe.  Smith yelled "I can't breathe," but the officers ignored his pleas. Eventually, officers lifted Smith off the ground, but Jonathon Kobza bent his left wrist "in a fit of rage" while ordering him to stand up.

Even though Smith asserts that each of these incidents involved excessive force under the Eighth Amendment, the incidents are distinct as they happened more than one month apart and involved different defendants. Thus, Smith cannot proceed with his current complaint without violating Fed. R. Civ. P. 20 and 21, and this court has inherent authority to sever unrelated claims that are filed in the same lawsuit. *UWM Student Ass'n v. Lovell*, 888 F.3d 854, 863-64 (7th Cir. 2018); *Lee v. Cook Cnty., Ill.*, 635 F.3d 969, 971 (7th Cir. 2011). As the Seventh Circuit has explained, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012).

Lawsuits that include so many claims, defendants, and incidents are difficult for defendants to respond to and for the plaintiff and the court to manage. *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) ("[U]nrelated claims against different defendants belong in separate lawsuits . . . to prevent the sort of morass produced by multi-claim, multi-defendant suits.") (quotation marks omitted). When a plaintiff includes too many claims and defendants into one case, the court has discretion to require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants," *Wheeler*, 689 F.3d at 683, which the court will exercise here.

If Smith chooses a set of claims related to one of the two identified incidents *by the deadline set below*, the court will treat that portion of his current complaint as the operative pleading and screen those claims. If Smith wishes to pursue claims arising from the other, separate incidents, he may only do so in separate lawsuits. If he does not file separate suits, those claims will be dismissed without prejudice, and he will be free to bring them another time, so long as he does so before any applicable statute of limitations has run. Smith may

3

also object to the court's decision to group his claims into these separate lawsuits, but he still must choose one set of the two sets of claims on which to proceed by the deadline. If Smith decides to pursue separate lawsuits based on allegations unrelated to those he decides to pursue under this case number, he will be required to pay a separate filing fee for each additional lawsuit on which he chooses to proceed.

## II.  Motions for Preliminary Injunction/Temporary Restraining Order

Plaintiff also moves for a preliminary injunction and temporary restraining order, asking this court to immediately transfer him from CCI.  (Dkts. ##9, 10.)  To prevail on a motion for a preliminary injunction, plaintiff must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted.  *Lambert v. Buss*, 498 F.3d 446, 451 (7th Cir. 2007).  Further, the Prison Litigation Reform Act ("PLRA"), which governs this lawsuit, narrows the available relief to an even greater extent in cases involving prison conditions. Specifically, the PLRA states that any injunctive relief to remedy prison conditions must be "narrowly drawn to extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm."  18 U.S.C. § 3626(a)(2); *see also Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (vacating overbroad injunction related to the procedures for transferring prisoners to a supermax prison).

Plaintiff's motions must be denied for three reasons. First, although plaintiff has filed a declaration of another inmate in support of his motions (dkt. #12), plaintiff has not followed this court's procedures for motions for injunctive relief, which require him to file proposed findings of fact in support of his request for injunctive relief, as well as the evidence supporting

those proposed factual findings.  Second, the court is requiring plaintiff to file an amended

complaint.  Third, plaintiff's request for a transfer to a different institution is likely not the

"least intrusive means" of correcting the alleged harm.  Accordingly, the court is denying

plaintiff's motions for a preliminary injunction and temporary restraining order without

prejudice.  Plaintiff may renew his motion for a preliminary injunction, provided that he follows

this court's procedures for obtaining injunctive relief.  Finally, the court will deny plaintiff's

request for expedited screening.

## ORDER

IT IS ORDERED that:

1) Plaintiff Sammie Smith, Jr. may have until **May 30, 2025,** to inform the court on which set of the two, distinct claims identified above he wishes to pursue in this lawsuit.

2) Plaintiff's motions for a preliminary injunction and a temporary restraining order (dkts. ## 9, 10) are DENIED without prejudice.

3) Plaintiff's motion to expedite screening (dkt. #10) is DENIED.

Entered this 9th day of May, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5